UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:26-cv-20075-KMM

NESTOR A. PROVEYER,

     Plaintiff,
v.

PRINCE ST. PIZZA LLC, a Foreign Limited
Liability Company D/B/A PRINCE STREET PIZZA,

     Defendant.
_____/

## ORDER OF DISMISSAL WITHOUT PREJUDICE

THIS CAUSE came before the Court upon a *sua sponte* review of the Complaint for Declaratory and Injunctive Relief, and Jury Trial Demand filed by Plaintiff Nestor A. Proveyer ("Plaintiff") against Defendant Prince St. Pizza LLC D/B/A Prince Street Pizza ("Defendant"). ("Compl.") (ECF No. 1). As set forth below, the Complaint is DISMISSED WITHOUT PREJUDICE.

    **I.**    **FACTUAL BACKGROUND**

In establishing federal jurisdiction pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181–89, the Complaint states that Plaintiff is a "a member of a protected class" under the ADA, due to his visual impairment, and that "[i]n addition, Plaintiff is an advocate of the rights of similarly situated disabled persons" and is therefore "a 'tester' for the purposes of asserting his civil rights and monitoring, ensuring, and determining whether places of public accommodation and/or their respective and associated websites are in compliance with the ADA and any other applicable disability laws, regulations, and ordinances." Compl. ¶¶ 12–14. Plaintiff then alleges that "[s]ince [Defendant's] website is open through the internet to the public as an

extension of the retail stores, by this nexus the website is an intangible service, privilege and advantage of Defendant's brick and mortar locations [such that] Defendant has subjected itself and the associated website it created and maintains to the requirements of the ADA." *Id.* ¶ 23.

Plaintiff states that he "sought to, seeks to and intends to patronize, in the near future once [Defendant's website's] access barriers are removed or remedied, one or more of Defendant's physical retail locations, check store hours and product pricing and place online orders." *Id.* ¶ 25. Further, "[i]n the alternative, Plaintiff intends to monitor [Defendant's website] in the near future as a tester to ascertain whether it has been remedied and updated to interact properly with screen reader software." *Id.*

Plaintiff alleges that he "attempted to purchase a meal on Defendant's website," but "was not able to freely and fully use Defendant's website because it contains access barriers that make it inaccessible to persons with disabilities[.]" *Id.* ¶ 28. Further, Plaintiff alleges that he "desires and intends, in the near future once the Website's access barriers are removed or remedied, to patronize one or more of Defendant's physical stores and to use the Website, but he is presently unable to do so as he is unable to effectively communicate with Defendant, due to his severe visual disability and the Website's access barriers." *Id.* ¶ 32. In the Complaint, Plaintiff asserts Count I for violation of the ADA and Count II for trespass. *See id.* ¶¶ 54–81.

## II.     LEGAL STANDARD

Federal courts are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). The Court is obligated to inquire into the question of its jurisdiction over cases brought before it. *See*

*Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *Univ. of S. Ala.*, 168 F.3d at 410 ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."). As such, a "district court may act *sua sponte* to address the issue of subject matter jurisdiction at any time." *Herskowitz v. Reid*, 187 F. App'x 911, 912–13 (11th Cir. 2006). Further, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Univ. of S. Ala.*, 168 F.3d at 410; *see* Fed. R. Civ. P. 12(h)(3).

The ADA protects against discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). As relevant to claims premised on the inaccessibility of websites, the ADA further specifies that discrimination thereunder includes "failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services." *Id.* § 12182(b)(2)(A)(iii). A place of public accommodation is excused from this requirement if it "can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden." *Id.*

This is an evolving area of law. In *Haynes v. Dunkin' Donuts LLC*, the Eleventh Circuit reversed a court in this District for dismissing a blind plaintiff's complaint on the basis that there was no nexus between the website access barriers and physical access to the store as the place of public accommodation, reasoning that the ADA's prohibition on discrimination "can extend to

3

intangible barriers" and the plaintiff had alleged a plausible ADA claim due to his inability to access the website to locate physical locations, purchase gift cards online, and learn information about the physical locations. 741 F. App'x 752, 754 (11th Cir. 2018) (discussing *Rendon v. Valleycrest Prods., Ltd.*, 294 F.3d 1279, 1281–82 (11th Cir. 2002)).

Three years later, the Eleventh Circuit in *Gil v. Winn-Dixie Stores, Inc.* held that "websites are not a place of public accommodation" under the ADA such that "inability to access and communicate with the website itself" does not violate the statute. 993 F.3d 1266, 1277 (11th Cir. 2021), *opinion vacated on mootness grounds on reh'g*, 21 F.4th 775 (11th Cir. 2021).[1] There, the Eleventh Circuit relied on the fact that the case centered around a "limited use website . . . [that] does not function as an intangible barrier to an individual with a visual disability accessing the goods, services, privileges, or advantages of [Defendant's] physical stores—the operative place of public accommodation," because the website itself was not a point of sale. *Id.* at 1279–80. Courts in this District have interpreted whether a website is a point of sale to have been a key distinction in *Gil*, its subsequent vacatur notwithstanding. *See, e.g.*, *Ariza v. Broward Design Ctr., Inc.*, No. 22-cv-61475, 2022 WL 10262037, at *2 (S.D. Fla. Oct. 18, 2022); *Fernandez v. Mattress Xperts Broward, Inc.*, No. 21-cv-80573, 2021 WL 3931243, at *2 (S.D. Fla. Sept. 2, 2021).

Reviewing these authorities, then, a plaintiff seeking to state a claim under the ADA must allege that the website is inaccessible in a manner that would prevent the plaintiff from accessing and fully benefiting from the services, goods, privileges, or advantages of the defendant's physical location. As always, such pleading must satisfy Federal Rule of Civil Procedure 8(a), which

---

[1] Although the *Gil* opinion has been vacated, it may still be considered if the Court finds it persuasive. *See, e.g.*, *Friends of Everglades v. S. Fla. Water Mgmt. Dist.*, 570 F.3d 1210, 1218 (11th Cir. 2009) ("We are free to give statements in a vacated opinion persuasive value if we think they deserve it.").

requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). That pleading must also contain enough facts to plausibly allege the required element of any claim. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295–96 (11th Cir. 2007). However, a pleading that offers "[t]hreadbare recitals . . . supported by mere conclusory statements" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

As to establishing standing as required under Article III, which limits federal courts to deciding actual cases and controversies, a plaintiff must adequately allege: (1) they have suffered an injury in fact; (2) the injury is "fairly traceable to the challenged conduct of the defendant"; and (3) the injury is likely to be redressed by a favorable judicial decision. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016); *see also Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559–61 (1992). Plaintiffs suing under the ADA may only seek injunctive relief, and in that context, "[b]ecause injunctions regulate future conduct, a party has standing to seek injunctive relief only if the party shows 'a real and immediate—as opposed to a merely conjectural or hypothetical—threat of *future* injury.'" *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1329 (11th Cir. 2013) (quoting *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001)); 42 U.S.C. § 12188(a) (limiting ADA relief to injunctions). To adequately establish this injury, a plaintiff must demonstrate a past injury and also an "actual or imminent injury" that is more than an intention to return "some day." *Lujan*, 504 U.S. at 564 (citation omitted). The Eleventh Circuit counsels that threat of future injury is to be assessed under the "totality of all relevant facts," and has identified four non-dispositive factors to be considered: "(1) the proximity of the defendant's business to the plaintiff's residence; (2) the plaintiff's past patronage of the defendant's business; (3) the definiteness of the plaintiff's plan

to return; and (4) the frequency of the plaintiff's travel near the defendant's business." *Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1233 (11th Cir. 2021).

### III.   DISCUSSION

Plaintiff alleges that he "attempted on a number of occasions to utilize" Defendant's website to "educate himself as to the merchandise, sales, discounts, and promotions being offered, learn about the brick-and-mortar location, check store hours, and check product pricing with the intent to make a purchase through the [w]ebsite or in one of the physical locations and with the intent to make a purchase through the website or at one of Defendant's physical stores." Compl. ¶ 27.  Plaintiff also alleges he attempted to access and use the website "in his capacity as a tester." *Id.*  Plaintiff states that he intends to revisit Defendant's website and patronize one or more of its physical futures "in the near future once the Website's access barriers are removed or remedied." *Id.* ¶ 32.  Further, Plaintiff "travels within close proximity to Defendant's location on a regular basis and would immediately return to both the [w]ebsite and the physical location but for the accessibility barriers described herein." *Id.*  In sum, Plaintiff alleges that he "desires and intends, in the near future once the [w]ebsite's access barriers are removed or remedied, to patronize one or more of Defendant's physical stores and to use the [w]ebsite, but he is presently unable to do so as he is unable to effectively communicate with Defendant, due to his severe visual disability and the [w]ebsite's access barriers.  Alternatively, as a tester using screen reader software, Plaintiff is unable to effectively access, navigate, and communicate with Defendant through the [w]ebsite due to his severe visual disability and the [w]ebsite's access barriers." *Id.* ¶ 33.

These allegations are insufficient for several reasons.  First, the allegations are overwhelmingly conclusory.  Plaintiff fails to provide any details regarding past attempts to patronize Defendant's physical business, and only generically alleges that he "attempted to

purchase a meal on Defendant's website." *Id.* ¶ 28. This generic, threadbare assertion is insufficient. Further, although Plaintiff contends that navigating the website is necessary to patronize Defendant's physical locations because he needs to ascertain Defendant's business information prior to patronizing the store, he does not explain whether he has attempted to do this and what the barriers to physical patronage were. *See id.* ¶ 33. Plaintiff's allegations that he "desires and intends, in the near future once the [w]ebsite's access barriers are removed or remedied, to patronize one or more of Defendant's physical stores" are similarly conclusory and devoid of detail. *Id.* ¶ 32; *see also Kennedy v. Beachside Comm. Props., LLC*, 732 F. App'x 817, 822 (11th Cir. 2018) (explaining that a plan must be both "concrete and realistic," including a showing of the motivation behind the same).

Second, throughout the Complaint Plaintiff employs the catch-all formulation of being a tester in the alternative. *See id.* ¶¶ 25, 27, 32. While not inherently fatal to his claim, the specific paragraphs in which he alternatively alleges he is a tester contain key allegations necessary to establish his intent to patronize Defendant's physical locations. *See id.* ¶ 25 ("Plaintiff sought to, seeks to and intends to patronize, in the near future . . . one or more of Defendant's physical retail locations), ¶ 32 ("Plaintiff desires and intends, in the near future . . . to patronize one or more of Defendant's physical stores and to use the [w]ebsite"). These allegations in the alternative do not describe patronizing Defendant's physical store as a tester, and it is not at all clear to the Court on what basis Plaintiff would seek to proceed as a tester while not actually having participated in the activity which he seeks to test.

As currently alleged, the Complaint still is too close to the "some day" intentions that the Supreme Court has rejected. *See Lujan*, 504 U.S. at 564. Either as an individual or as a tester, Plaintiff has not demonstrated past patronage efforts and indeed retreats from his vague but

7

nevertheless stated intention to patronize Defendant's physical stores in asserting his status as a tester in the alternative.  If he hopes to survive dismissal in the future, he must state with both factual and legal specificity his past injury as well as his concrete and realistic future injury, and provide enough non-conclusory detail to allow the Court and Defendant to understand exactly how he is being discriminated against within the meaning of the ADA.

Thus, applying the four non-dispositive factors identified by the Eleventh Circuit, Plaintiff's allegations as to his past and future patronage of Defendant's physical location are insufficient to establish future discrimination under the ADA on the basis of the inaccessibility of Defendant's website.  *See Shotz*, 256 F.3d at 1081; *Lujan*, 504 U.S. at 564; *Kennedy*, 998 F.3d at 1233.  As Plaintiff fails to establish injury-in-fact for purposes of Article III standing, and the ADA is the sole basis for federal question and supplemental jurisdiction over the claims in this case, the Court is without subject matter jurisdiction to hear this case as presently alleged.

### IV.     CONCLUSION

Accordingly, UPON CONSIDERATION of the Complaint, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED the above-styled case is DISMISSED WITHOUT PREJUDICE.  Plaintiff may file an amended complaint that properly alleges the basis for invoking federal jurisdiction on or before March 16, 2026.  Failure to do so will result in this action being dismissed with prejudice.

DONE AND ORDERED in Chambers at Miami, Florida, this __27th__ day of February, 2026.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record